UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| **PAUL E. CRUISE**, | ) |
| Plaintiff, | ) Civil Action No.  3:18-1842-TLW |
| v. | ) |
| **AIR & LIQUID SYSTEMS CORPORATION**, individually and as successor-in-interest to BUFFALO PUMPS | ) |
| **AIW-2010 WIND DOWN CORP.**, individually and successor-in-interest to AMERICAN INSULATED WIRE CORPORATION | ) |
| **ALFA LAVAL, INC.** | ) |
| **API HEAT TRANSFER, INC.** | ) |
| **ARMSTRONG INTERNATIONAL, INC.** | ) |
| **AT&T CORPORATION** | ) |
| **AURORA PUMP COMPANY** | ) |
| **CARRIER CORPORATION** | ) |
| **CBS CORPORATION**, a Delaware corporation, f/k/a VIACOM INC., successor by merger to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION, and also as successor-in-interest to BF STURTEVANT; | ) |
| **CLARK-RELIANCE CORPORATION**, successor-in-interest to JERGUSON GAGE & VALVE COMPANY | ) |
| **COVIL CORPORATION** | ) |
| **CRANE CO.** | ) |
| **CROSBY VALVE, LLC** | ) |

| | |
|---|---|
| **DANIEL INTERNATIONAL CORPORATION** f/k/a DANIEL CONSTRUCTION COMPANY, INC.; | ) ) ) ) |
| **EATON CORPORATION** | ) ) ) |
| **ECODYNE CORPORATION** | ) ) ) |
| **FISHER CONTROLS INTERNATIONAL, LLC**, wholly owned subsidiary of EMERSON ELECTRIC COMPANY | ) ) ) ) ) |
| **FLOWSERVE US, INC.** | ) ) ) |
| **FLUOR CONSTRUCTORS INTERNATIONAL**, f/k/a/ FLUOR CORPORATION | ) ) ) ) ) |
| **FLUOR CONSTRUCTORS INTERNATIONAL, INC.** | ) ) ) ) |
| **FLUOR DANIEL SERVICES CORPORATION** | ) ) ) ) |
| **FLUOR ENTERPRISES, INC.** | ) ) ) |
| **FMC CORPORATION,** individually and as successor-in-interest to NORTHERN PUMPS | ) ) ) ) ) |
| **FOSTER WHEELER ENERGY CORPORATION** | ) ) ) ) |
| **GARDNER DENVER, INC.** | ) ) ) |
| **GENERAL ELECTRIC COMPANY** | ) ) ) |
| **GOULDS PUMPS, INC.,** d/b/a GOULDS PUMPS (IPG) LLC | ) ) ) ) |
| **IMO INDUSTRIES, INC.,** individually and successor-in-interest to IMO DELAVAL | ) ) ) ) ) |
| **INGERSOLL-RAND COMPANY** | ) ) ) |

2

|  |  |
|---|---|
| **JERGUSON GAGE & VALVE COMPANY,** d/b/a CLARK RELIANCE CORPORATION | ) ) ) ) |
| **McNALLY INDUSTRIES, LLC,** successor-in-interest to NORTHERN FIRE APPARATUS | ) ) ) ) |
| **MARMON ENGINEERED WIRE & CABLE LLC**, individually and as successor-in-interest to TE WIRE & CABLE LLC, f/k/a THERMO-ELECTRIC WIRE & CABLE CO. | ) ) ) ) ) |
| **METROPOLITAN LIFE INSURANCE COMPANY**, a wholly-owned subsidiary of METLIFE INC.; | ) ) ) ) |
| **THE NASH ENGINEERING COMPANY** | ) ) |
| **NOKIA OF AMERICA CORPORATION**, individually and as successor-in-interest to ALCATEL-LUCENT USA INC., successor-in interest to LUCENT TECHNOLOGIES INC., as successor in interest to WESTERN ELECTRIC COMPANY, INC., and as successor in interest to BELL LABORATORIES, INC. | ) ) ) ) ) ) ) ) |
| **OCCIDENTAL CHEMICAL CORPORATION**, f/k/a HOOKERS CHEMICAL CO., and as successor to DUEZ CORPORATION | ) ) ) ) ) |
| **ROCKWELL AUTOMATION INC.,** individually and as successor-in-interest ALLEN-BRADLEY COMPANY LLC, f/k/a ROCKWELL INTERNATIONAL CORPORATION | ) ) ) ) ) ) |
| **SCHNEIDER ELECTRIC USA, INC.,** f/k/a SQUARE D COMPANY | ) ) ) |
| **SOUTHWIRE COMPANY, LLC,** individually and successor-in-interest to AMERICAN INSULATED WIRE CORPORATION | ) ) ) ) ) |

3

| | |
|---|---|
| **SPIRAX SARCO, INC.** | ) |
| | ) |
| **THERMO ELECTRIC COMPANY, INC.,** | ) |
| f/k/a THERMO-ELECTRIC WIRE & CABLE | ) |
| CO. | ) |
| | ) |
| **TRANE U.S., INC.,** f/k/a AMERICAN | ) |
| STANDARD COMPANIES, successor-in-interest | ) |
| to AMERICAN BLOWER COMPANY | ) |
| | ) |
| **WARREN PUMPS, LLC** | ) |
| | ) |
| **WEIR VALVES & CONTROLS USA, INC.,** | ) |
| f/k/a ATWOOD & MORRILL CO., INC., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT CRANE CO.'S NOTICE OF REMOVAL

Defendant Crane Co. hereby removes this action from the Court of Common Pleas of Richland County (Fifth Judicial Circuit) to the United States District Court for the District of South Carolina under 28 U.S.C. §§ 1442(a)(1) and 1446 based on federal-officer jurisdiction, and Crane Co. provides the following short and plain statement of the grounds for removal:

1.    On May 25, 2018, Plaintiff filed his complaint in the Court of Common Pleas of Richland County. A true copy of the complaint is attached as **Exhibit A** (the "Complaint"). In the complaint, Plaintiff alleges he was exposed to asbestos from defendants' products while serving in the United States Navy as a boiler tender and working with various machinery and equipment while serving at the Charleston Naval Shipyard in North Charleston, South Carolina from 1961-1965. *See* Ex. A at ¶ 2.

2.    The allegation that Mr. Cruise was exposed to Crane Co. products while serving in the United States Navy and at the Naval Shipyard gives rise to Crane Co.'s federal defense—often referred to as the government-contractor defense. In short, any product that Plaintiff alleges Crane Co. manufactured for or supplied to the Navy (and any product literature, labeling,

4

or warnings that accompanied that product) would be subject to Navy specifications and requirements. Federal officers exercised their discretion regarding whether (1) asbestos was used in the product, and (2) whether a warning would accompany the product (and if so, what it would say). Without approval from a federal officer, Crane Co.'s products could not have been used by the Navy.

3. This notice of removal is timely under 28 U.S.C § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C) because Crane Co. is filing it within 30 days of being served with Plaintiff's Complaint.

4. The United States Court of Appeals for the Second, Fifth, and Ninth Circuits have all recently held that Crane Co. establishes a colorable federal defense and meets all of the requirements of federal-officer removal on the basis of evidence identical to that submitted here. *Zeringue v. Crane Co.*, 846 F.3d 785 (5th Cir. 2017); *Cuomo v. Crane Co.*, 771 F.3d 113 (2d Cir. 2014); *Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014).

5. The right of equipment manufacturers to remove asbestos personal-injury actions involving allegations of exposure on U.S. Navy ships has also been upheld in cases involving other similarly situated defendants by the Fourth Circuit, as well as the Third and Seventh Circuits. *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249 (4th Cir. 2017); *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805 (3d Cir. 2016); *Ruppel v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012).

6. Removal is proper under 28 U.S.C. § 1442(a)(1), where the removing defendant establishes that: (1) the defendant is a person under the statute; (2) the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between the plaintiff's claims and the defendant's actions under federal

direction; and (4) the defendant has raised a colorable defense based upon federal law. *See Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989).

    5.    On the first element, Crane Co., as a corporation, qualifies as a "person" under the statute. *See Winters v. Diamond Shamrock Co.*, 149 F.3d 387, 398 (5th Cir. 1998).

    6.    With respect to the second element for federal-officer removal, Crane Co. was acting under the direction of the Navy in the design, manufacture, and sale of its products for and to the Navy. Crane Co. products were designed and manufactured in accordance with precise contracts and specifications approved by the Navy. *See* Affidavit of Anthony D. Pantaleoni ("Pantaleoni Aff."), at ¶¶ 5–6, attached as **Exhibit B**; Affidavit of David P. Sargent ("Sargent Aff."), at ¶¶ 22–32, attached as **Exhibit C**. Since the 1950s, the Navy issued Military Specifications (MILSPECs) for various products, including the types of products allegedly manufactured or supplied by Crane Co., and certain MILSPECs required the use of asbestos or asbestos components. *See* Sargent Aff., at ¶¶ 26–27, 32. Compliance with the specifications for equipment to be used on Navy ships was directly monitored by Naval Machinery Inspectors. Sargent Aff. at ¶ 29. And unless Crane Co. products were first determined to be in conformity with all applicable Navy specifications, they could not be installed aboard Navy ships. Sargent Aff. at ¶ 29. Thus, given the Navy's direct and detailed control over the design and manufacture of Crane Co. products, Crane Co. has met this element.

    7.    In light of the specific direction and strict control of the Navy over the design and manufacture of Crane Co. products detailed above, there exists a strong causal nexus between Plaintiff's claims and Crane Co.'s actions, thereby meeting the third element. Plaintiff's claims against Crane Co. depend solely on the actions taken by Crane Co. in accordance and compliance with directions from the Navy.

8. With respect to the fourth element, Crane Co.'s government-contractor defense is a colorable federal defense to plaintiff's claims. As set forth in the product-liability, design-defect context by the Supreme Court of the United States in *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988), the government-contractor defense applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *See also Leite*, 749 F.3d at 1123.[1] Crane Co. has a colorable federal defense because, as detailed above, the Navy provided Crane Co. with precise specifications regarding its products and Crane Co. delivered products that conformed to those specifications. Sargent Aff. at ¶¶ 23–32; Pantaleoni Aff. at ¶¶ 5–6. The Navy, as one of the leaders in industrial hygiene state of the art, possessed knowledge regarding the hazards of asbestos equal to or superior to its equipment suppliers, such as Crane Co. *See* Affidavit of Samuel A. Forman ("Forman Aff."), at ¶¶ 21–23, attached as **Exhibit D**. The Navy's specifications governed not only the design and construction of Crane Co.'s products, but also the form and content of any labeling, product literature, or warnings supplied with the products. Sargent Aff. at ¶¶ 23–32. The Navy reviewed the proposed product literature and labeling that accompanied equipment and, at its discretion, edited the wording of instructional material and warnings, approving certain warning language and disapproving other language. *See* Sargent Aff. at ¶ 59 & Sargent Aff. Ex K, Doc. 2-8. Thus, Crane Co. has a colorable claim

---

[1] To establish the defense in a failure-to-warn context, the elements are slightly modified to include a showing that (1) the Navy exercised its discretion and approved certain warnings; (2) the defendant provided the warnings required by the Navy; and (3) the defendant warned the Navy about any hazards that were known by it but not by the Navy. *Id.*

that it is entitled to immunity from state tort law in this action under the government-contractor defense.

9. As required by Section 1446(a), copies of all process, pleadings, and orders served on Crane Co. are being filed with this notice as **Exhibit E** (with the exception of the Complaint, which is attached as Exhibit A).

10. Under Section 1446(d), Defendant Crane Co. will promptly file written notice of this removal with the Court of Common Pleas of Richland County, and Crane Co. will serve that notice on counsel of record.

WHEREFORE, Defendant Crane Co. requests that this Court assume jurisdiction over this matter on removal.

Respectfully submitted,

Charleston, South Carolina
Dated: July 5, 2018

/s/Tara C. Sullivan
Christopher A. Jaros
Federal ID #12094
E-Mail: christopher.jaros@klgates.com
Tara C. Sullivan
Federal ID #11095
E-Mail: tara.sullivan@klgates.com
K&L GATES LLP
134 Meeting Street
Suite 500
Charleston, SC  29401
Telephone: 843.579.5600
Facsimile: 843.579.5601

*ATTORNEYS FOR DEFENDANT CRANE CO.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2018, I caused to be electronically filed the foregoing Notice of Removal with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

Jessica M. Dean - jdean@dobllp.com
Jonathan M. Holder - jholder@dobllp.com
Charles W. Branham, III - tbranham@dobllp.com
Theile B. McVey - tmcvey@kassellaw.com

/s/ Tara C. Sullivan
Christopher A. Jaros
Federal ID# 12094
E-Mail: christopher.jaros@klgates.com
Tara C. Sullivan
Federal ID #11095
E-Mail: tara.sullivan@klgates.com
K&L GATES LLP
134 Meeting Street, Suite 500
Charleston, SC  29401
Telephone: 843.579.5600
Facsimile: 843.579.5601