# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

|  |  |
|---|---|
| Mary Ann Robertson, individually and as Executrix of The Estate of Paul E. Cruise,<br><br>Plaintiff,<br><br>vs.<br><br>AIW-2010 Wind Down Corp., individually and as successor-interest to American Insulated Wire Corp. and BW/IP, Inc.,<br><br>Defendants. | Case No. 3:18-cv-1842-TLW<br><br>**ORDER** |

Plaintiff Mary Ann Robertson (Plaintiff), as executrix of the estate for Paul E. Cruise (Cruise), brought this action against multiple defendants in the South Carolina Court of Common Pleas for Richland County. ECF No. 1-1. Defendant, Crane Co., filed a notice of removal on the basis of diversity jurisdiction and federal-officer jurisdiction. ECF No. 1. After the Court granted Plaintiff leave to amend the complaint on two different occasions, ECF Nos. 71, 163, Plaintiff filed a Second Amended Complaint. ECF No. 165. The allegations in that complaint are currently before the court on consideration of separate Motions to Dismiss filed by two different defendants in this case. ECF Nos. 189, 221. Defendant AIW-2010 Wind Down Corp. (AIW) filed a Motion to Dismiss Plaintiff's Second Amended Complaint for lack of personal jurisdiction or, alternatively, to dismiss Plaintiff's fraudulent misrepresentation claim. ECF No. 189. Defendant BW/IP, Inc. (BW/IP), filed a Motion to Dismiss Plaintiff's Second Amended Complaint for lack of personal jurisdiction and failure to state a claim. ECF No. 221. Plaintiff filed responses to both of these motions, ECF Nos. 213, 224, and these matters are now ripe for disposition. For the reasons stated

1

herein, at this stage of the litigation, the Court finds that personal jurisdiction does exist over AIW and BW/IP, and the Motions to Dismiss for lack of personal jurisdiction should be denied.

## BACKGROUND FACTS

Plaintiff and Cruise are residents of North Carolina. Plaintiff brings this suit in South Carolina alleging that Cruise's claims arise out of Defendants' business activities of purposefully selling and distributing their products within South Carolina. ECF No. 165 at 5–7, 9. AIW is a Delaware corporation with its principal place of business in New York. ECF No. 165 at 7; ECF No. 189-2. Plaintiff alleges that BW/IP is a Delaware corporation, and BW/IP, through its compliance officer, states that it is a New York Corporation. ECF No. 165 at 9; ECF No. 221-2. Both BW/IP and Plaintiff state the principal place of business is in Texas. *Id*.

Plaintiff alleges that Paul Cruise contracted mesothelioma as a result of his exposure to asbestos-containing products that Cruise used throughout the course of his careers in the United States Navy and as a professional electrician on jobsites throughout the Southeast. ECF No. 213 at 2. From 1961 to 1965, Cruise served in the Navy as a boiler tender aboard two U.S. Navy vessels and worked in the Charleston, SC naval shipyard. Plaintiff alleges, during that time, he worked with various types of machinery and equipment that exposed him to asbestos. Plaintiff alleges that BW/IP [among other defendants] manufactured asbestos-containing equipment. ECF No. 165 at 27. From 1965 to 1977, Cruise worked as a professional electrician in "various sites throughout the southeastern United States, including South Carolina." ECF No. 213 at 2. Plaintiff specifically identifies the following four plants or industrial sites in South Carolina where Cruise performed electrical work: White Horse I and II in Greenville, SC, Utica Mohawk in Clemson, SC, and a sewing plant in Walhalla, SC.[1] ECF No. 165 at 31. Plaintiff alleges that Cruise was exposed to

---

[1] The Court notes that Plaintiff also lists Baxter Health Care in Baxter County, SC. However, there is no Baxter County located in the state of South Carolina.

asbestos and asbestos-containing materials and electrical equipment that was manufactured by BW/IP, AIW, and various other defendants while working at commercial sites in South Carolina. ECF No. 213 at 2.

On April 4, 2018, Cruise was diagnosed with mesothelioma. ECF No. 165 at 27. Cruise died on July 17, 2018, which Plaintiff asserts was as a result of Defendants' conduct. *Id*. at 57. On November 18, 2018, Plaintiff filed the Second Amended Complaint in this case seeking damages from causes of action for Negligence, Products Liability, Vicarious Liability, Premises Liability, Breach of Implied Warranty, Fraudulent Misrepresentation, Conspiracy, Wrongful Death, and Survival.[2] *Id*. In response, AIW filed a motion to dismiss on November 29, 2018, arguing that the alleged conduct does not fit under the South Carolina long-arm statute and does not establish specific or general personal jurisdiction over AIW in South Carolina.[3] ECF No. 189-1. On December 26, 2018, BW/IP also filed a motion to dismiss arguing that Plaintiff's claims do not establish specific or general personal jurisdiction over BW/IP.[4] ECF No. 221. Plaintiff opposes both motions by arguing that the Court can exercise specific personal jurisdiction over Defendants based on their contacts with South Carolina. ECF Nos. 213, 224.

## **ANALYSIS**

Defendants move to dismiss the case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). "When a court's personal jurisdiction over a defendant is contested, the burden is on the plaintiff to establish the existence of a ground for exercising such jurisdiction." *ESAB Grp., Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 328 (D.S.C. 1999). When a

---

[2] Plaintiff's Complaint does not assert the Premises Liability or Conspiracy claims against AIW or BW/IP.
[3] AIW & BW/IP also move to dismiss Plaintiff's Fraudulent Misrepresentation Claim for failure to plead this claim with particularity. As discussed below, Plaintiff does not oppose this motion.
[4] BW/IP also moves to dismiss Plaintiff's Complaint for failure to state a claim.

3

district court decides a pretrial motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, "the plaintiff need prove only a prima facie case of personal jurisdiction." *Mylan Lab., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). "In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Id.*

Authority to exercise personal jurisdiction over a defendant in a forum state can be established in two different ways: "by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction." *ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 711–712 (4th Cir. 2002).

**1) General Personal Jurisdiction**

As an initial matter, both defendants argue that there is no general personal jurisdiction over the defendants in South Carolina because neither company is incorporated in South Carolina or maintains its principal place of business in South Carolina. ECF Nos. 189-1 at 10–12, 221-1 at 6–7. General jurisdiction exists over a corporation when "the corporation's affiliations with the state . . . are so constant and pervasive 'as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman, et al.*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). While Plaintiff, in her response, does not explicitly concede that there is no general jurisdiction, Plaintiff does not present any argument in favor of general jurisdiction. Further, Plaintiff has not provided allegations of continuous and systematic contacts with South Carolina outside of the contacts that are the basis of this suit. *See id.* The Court concludes that neither BW/IP nor AIW are "essentially at-home" in South Carolina, so as to render general personal jurisdiction over Defendants on that basis. *See id.* Therefore, the Court's primary inquiry turns to whether Plaintiff has alleged sufficient facts to determine that specific personal jurisdiction exists over Defendants at this stage in the litigation.

4

**2) Specific Personal Jurisdiction**

Both AIW and BW/IP argue that the Court lacks specific personal jurisdiction based on Plaintiff's allegations in the Complaint. Specific personal jurisdiction exists "[w]hen a controversy is related to or 'arises out of' a defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Determining whether it exists involves a two-part analysis. *Gucci America, Inc. v. Weixing LI*, 768 F.3d 122, 136 (2d Cir. 2014). First, a court must determine whether the defendant falls within the meaning of the forum state's long-arm statute. *Anita's N.M. Style Mexican Food, Inc. v. Anita's Mexican Foods Corp.*, 201 F.3d 314, 317 (4th Cir. 2000). If so, a court must consider whether exercising jurisdiction is consistent with the Fourteenth Amendment's due process requirement. *Id.*

    **a) Long-Arm Statute**

South Carolina's long-arm statute provides that a court may exercise jurisdiction over causes of action arising from various categories of conduct. *See* S.C. Code Ann. § 36-2-803. South Carolina courts have construed the long-arm statute "to extend to the outer limits of the due process clause." *Cockrell v. Hillerich & Bradsby Co.*, 611 S.E.2d 505, 508 (S.C. 2005) (citations omitted). "Because South Carolina treats its long-arm statute as coextensive with the due process clause, the sole question becomes whether the exercise of personal jurisdiction would violate due process." *Id.*

    **b) Due Process**

This Court's power to render a valid personal judgment against a nonresident defendant is limited by the due process clause of the Fourteenth Amendment. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). For the exercise of jurisdiction to comport with due process, a defendant must have sufficient "minimum contacts" with South Carolina "such that maintenance

5

of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 291–92 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Minimum contacts exist if the "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id.* at 297. In determining if there are minimum contacts, "it is essential in each case that there be some act by which the defendant *purposefully avails itself* of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (emphasis added).

The Fourth Circuit has focused the due process inquiry for specific personal jurisdiction into a three-part test: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Sonoco Products Co. v. Ace INA Ins.*, 877 F. Supp. 2d 398, 405 (D.S.C. 2012) (quoting *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009)).

AIW argues in its memorandum that specific personal jurisdiction does not exist because Plaintiff's allegations of AIW's conduct are merely "bare legal conclusions and allegations [that] are not a prima facie showing of personal jurisdiction." ECF No. 189-1 at 4. AIW further argues and presents an affidavit from its Associate General Counsel, Vince Lonigro, that it has no records that it sold or distributed its products in South Carolina. *Id*. at 8. Similarly, BW/IP also argues no specific personal jurisdiction exists over Plaintiff's claims because it asserts that Plaintiff does not allege any specific facts that would allow the Court to conclude that BW/IP took any action directed toward South Carolina. ECF No. 221-1 at 9. BW/IP alleges that all of Plaintiff's allegations are "boilerplate" and "far too vague" to establish specific personal jurisdiction. *Id*.

6

In evaluating specific personal jurisdiction at this stage in the litigation, the Court looks to the Fourth Circuit's guidance on the procedure for Rule 12(b)(2) motions in the case of *Grayson v. Anderson*, 816 F.3d 262 (4th Cir. 2016). The Fourth Circuit acknowledges that Rule 12(b)(2) does "not provide specific procedures for a district court's disposition of pretrial motions." *Id*. at 267. A district court "has broad discretion to determine the procedure that it will follow in resolving a Rule 12(b)(2) motion." *Id*. at 268–269. While "a defendant must affirmatively raise a personal jurisdiction challenge, . . . the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge. *Id*. at 268 (quoting *Combs v. Bakker*, 886 F. 2d 673, 676 (4th Cir. 1989)). Furthermore, "[t]he plaintiff's burden in establishing jurisdiction varies according to the posture of a case and the evidence that has been presented to the court." *Id.* As is the case with the current motion before this Court, when the Court issues a ruling without allowing any type of evidentiary hearing and only considers the parties' motions and the affidavits submitted with the motions, "a plaintiff only need make a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge . . . . [and] must take the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff." *Id*.

While AIW and BW/IP dispute personal jurisdiction by presenting affidavits and asserting that they do not have any contacts with South Carolina, Plaintiff has alleged specific contacts that dispute the defendants' assertions in the motions. Following the procedure outlined in *Grayson*, the Court must construe this disputed evidence in the light most favorable to Plaintiff. Additionally, since Plaintiff is only required to present a *prima facie* case, the Court finds that the allegations are sufficiently specific to survive this minimal standard at this point in the litigation.

Plaintiff specifically alleges the following facts to establish minimum contacts for specific personal jurisdiction over the defendants: AIW manufactured and sold "substantial amounts" of "asbestos-containing electrical wire" for use throughout South Carolina. ECF No. 165 at 7. BW/IP

manufactured and sold "substantial amounts" of "asbestos-containing Byron Jackson pumps and valves" to the Navy and worksites throughout South Carolina. *Id*. at 9. Cruise came into contact with the Byron Jackson Pumps and the electrical wire in the specific time frame of 1965–1977. *Id*. at 7, 9, 27–29. Plaintiff identifies the specific Naval shipyard, identifies specific ships, and names specific plants where Cruise came into contact with the materials that Plaintiff alleges contained and exposed Cruise to asbestos. *Id*. at 27–28, 31. Plaintiff specifically alleges that AIW and BW/IP marketed their products towards South Carolina and utilized an "established distribution channel with the expectation that their products would be purchased and/or used within South Carolina." *Id*. at 5. Finally, Plaintiff states that AIW and BW/IP, through this alleged conduct, "purposefully availed themselves of the privilege of doing business in this state." *Id*.

While these are merely allegations, the Court finds that they are sufficient to establish a *prima facie* case of personal jurisdiction at this point in the litigation. In accordance with the Fourth Circuit's three-part inquiry: first, the Court determines that Plaintiff alleges the Defendants sold or distributed products containing asbestos in South Carolina, thus purposefully availing themselves of the privilege of conducting business in the state; second, Plaintiff alleges that Cruise was exposed to defendants' products while working in South Carolina, such that the claims asserted arise out of the alleged contacts with the state; third, the exercise of personal jurisdiction at this stage in the litigation, based on Plaintiff's allegations, is constitutionally reasonable such that Defendants– if the allegations are true– could anticipate being haled into court in South Carolina. Additionally, the Court finds that holding a hearing or requiring the parties to assemble witnesses would not serve any meaningful purpose or result in the "just, speedy, and inexpensive" resolution of the dispute when there are still voluminous defendants in the case and discovery has not been conducted fully. *See Grayson*, 816 F.3d at 269. However, the Court does note that while the

allegations are sufficient at this stage in the proceeding, Plaintiff must ultimately establish these allegations by a preponderance of the evidence. *Id.* at 268.

Defendants argue that Plaintiff's allegations improperly rely on the "stream of commerce" theory to prove jurisdiction. ECF No. 189-1 at 7, 221-1 at 9. Defendants cite to the Supreme Court's reasoning in *Asahi Metal Industry Co., ltd. v. Superior Court of California*, and argue that "placement of a product into the stream of commerce, without more, is not an act. . . directed toward the forum State." 480 U.S. 102, 112 (1987). Plaintiff acknowledges her claim involves the "stream of commerce" theory. ECF No. 213 at 7. However, as Plaintiff cites in her briefing, the "stream of commerce" theory simply requires a showing that an out of state defendant purposefully availed themselves to the forum state by taking some action directed towards the State. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 885 (2011); *ALS Scan, Inc.*, 293 F.3d at 713–14. In this case, Plaintiff allegations about Defendants' conduct allege something more than merely placing a product into the stream of commerce. *See id*. Viewing the allegations in the light most favorable to Plaintiff, she alleges that AIW and BW/IP purposefully tried to serve the market in South Carolina through direct sales and were engaging, among other allegations, in the distribution and maintenance of the asbestos-containing products. ECF No. 165 at 5–7.

In its briefing, AIW relies on the case of *Magic Toyota, Inc. v. Se. Toyota Distrib., et. al*, 784 F. Supp. 306 (D.S.C. 1992), to support its position that Plaintiff's allegations are too vague to survive the Rule 12(b)(2) challenge. In the *Magic Toyota* case, another judge in this District determined that there was no jurisdiction over the defendants because plaintiffs only made conclusory allegations regarding the allegations in the complaint. *Id*. at 314. However, this case is distinguishable from *Magic Toyota*. The court in *Magic Toyota* concluded, "Plaintiffs have not made *even one allegation* that any of these defendants has ever purposely availed himself or herself to the privilege of conducting activities within the State." *Id*. In this case, the Court concludes that

Plaintiff has explicitly made that allegation with respect to both AIW and BW/IP. ECF No. 165 at 5. The allegation is explicitly laid-out in Plaintiff's Complaint and is supported by the facts alleged in the Complaint as outlined in this order. *Id*.

The Court also relies on the analysis in *Lineberger v. CBS Corp., et al.* as persuasive authority. No. 1:16-cv-00390, 2017 WL 3883712 (W.D.N.C. 2017). *Lineberger* is also an asbestos case that presented a substantially similar factual scenario to the current case before the Court. The plaintiff in *Lineberger* alleged that he contracted mesothelioma as a result of his exposure to asbestos-containing products while working as an electrician at residential and commercial sites. *Id*. at *1. Additionally, the defense in *Lineberger*, made a Rule 12(b)(2) motion to dismiss asserting that it did not have sufficient sales within the forum state to establish personal jurisdiction. *Id*. at *4. However, despite evidence from the defense that only .01% of defendant's sales occurred in North Carolina, the *Lineberger* court held that, "[h]ere the only question[] is whether the Complaint alleges a sufficient factual basis of jurisdiction." *Id*. Similarly here, despite AIW and BP/IW's assertions that they have no records of sales to South Carolina, Plaintiff alleges that these defendants sold and/or directed substantial amounts of asbestos-containing products in South Carolina. ECF No. 165 at 7, 9. Therefore, similarly to the court's analysis in *Lineberger*, this Court finds the exercise of personal jurisdiction is proper.

**3) Fraudulent Misrepresentation**

Both AIW and BW/IP move to dismiss the fraudulent misrepresentation claim alleged in the Complaint. ECF Nos. 189-1 at 12, 221-1 at 12. In her response briefing, Plaintiff asserts that she does not oppose the motions on this cause of action. ECF Nos. 213 at 2, n.1, 224 at 2, n.1. Therefore, as this motion is unopposed, Plaintiff's fraudulent misrepresentation claims against AIW and BP/IW should be dismissed.

**4) BW/IP's Motion to Dismiss for Failure to State a Claim**

BW/IP also moves to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 221-1 at 10–12. BW/IP argues that Plaintiff's Complaint should be dismissed because it only presents a formulaic recitation of mere labels and conclusions for causes of action, and therefore does not comply with the pleading standards required by Rule 8(a)(2) of the Federal Rules of Civil Procedure or as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007). ECF No. 221-1 at 10. Specifically, BW/IP asserts that Plaintiff's Complaint is not sufficient because it "fails to describe where and how Cruise purportedly came into contact with BW/IP's products. . . and how his contact . . . caused his injury." *Id*. at 11.

The Court finds that Plaintiff has plead, with sufficient specificity, where and how Cruise came into contact with BW/IP's products. As the Court has already described in the above analysis on specific personal jurisdiction, Plaintiff names the specific plants and locations in South Carolina where Cruise worked as an electrician. ECF No. 165 at 31; *supra* at p.7. Plaintiff names the shipyard in South Carolina where Cruise worked while in the Navy and names the specific ships on which Cruise worked. *Id*. Further, Plaintiff alleges that BW/IP's product, "Byron Jackson Pumps," is the asbestos-containing product that Cruise worked on and that caused his injury, and Plaintiff lists the years during which Cruise worked on these pumps. *Id*.

Under a Rule 12(b)(6) analysis, the Court views the Plaintiff's allegations under the same standard as the personal jurisdiction challenge, in the light most favorable to the Plaintiff. *See Twombly*, 550 U.S. at 555. Based on these facts and the factual analysis of Plaintiff's allegations on the personal jurisdiction challenge, the Court concludes that Plaintiff has presented sufficient allegations with specificity, which taken as true, state a plausible claim for relief against BW/IP. Therefore, BW/IP's Motion to Dismiss for failure to state a claim is denied.

## **CONCLUSION**

After careful consideration of the relevant case law, the record, and the memorandum submitted by the parties, the Court finds that, for the reasons stated herein, AIW and BW/IP's motions to dismiss, ECF Nos. 189, 221, are hereby **GRANTED IN-PART**, and **DENIED IN-PART.** Defendants' Motions to Dismiss Plaintiff's Fraudulent Misrepresentation claim are **GRANTED** and that claim against AIW and BW/IP is hereby **DISMISSED**. Defendants' Motions to Dismiss for lack of personal jurisdiction filed pursuant to Rule 12(b)(2) are **DENIED**, and BW/IP's Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) is also **DENIED**.

**IT IS SO ORDERED**.

*s/Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

August 6, 2019
Columbia, South Carolina